(174 App. Div. 907)

### BRIDGES v. BROOKLYN UNION GAS CO.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

Appeal from Trial Term, New York County.

Action by Henry W. Bridges against the Brooklyn Union Gas Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Herbert C. Smyth, of New York City, for appellant.
William N. Cohen, of New York City, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

SCOTT, J. (dissenting). I am unable to concur in the affirmance of this judgment, because it appears to me that, on the subject of the terms of plaintiff's employment, the verdict is distinctly against the evidence. In the year 1910 there was pending in the Supreme Court a proceeding by certiorari to review the assessment of defendant for the purposes of taxation. Several years' taxes were unpaid, and, as against them, the defendant claimed to be entitled to a considerable sum of money for gas furnished to the city of New York and not paid for. This proceeding was in the hands of thoroughly competent attorneys in behalf of defendant. The questions involved were such as might reasonably be subject to adjustment, settlement, and compromise.

Plaintiff had been of service to another gas company in effecting a settlement with the city of a similar controversy, and it was thought that he might be able to render a like service to this defendant, and he was accordingly employed for that purpose. The primary question in the case is as to the terms of that employment. It is conceded that he was paid the substantial retainer of $5,000. The plaintiff's story is that no specific agreement was made as to the payment for his services, beyond the initial retainer, thus leaving it open to him to claim compensation, as he does, upon a quantum meruit. No witness corroborates this story. On the other hand are three witnesses, having no pecuniary interest in the outcome of the action, and all of whom were present at and participated in whatever agreement was made with plaintiff. These witnesses agree that the arrangement was that any further compensation to plaintiff should be dependent upon a favorable settlement of the controversies then pending between defendant and the city of New York. The court distinctly charged the jury that plaintiff's right to recover anything depended upon which version of the terms of plaintiff's employment was believed. In rendering a verdict for plaintiff the jury necessarily found that the plaintiff's version was true, and that of the other witnesses false. It is this finding that I consider to be against the evidence. Not only was the plaintiff outsworn by the number of witnesses, but two of them are well-known and highly respected members of the bar, as to whom I find it impossible to believe that they would deliberately swear falsely to save a client from paying what, if their testimony was false, is a just claim.

Furthermore, the arrangement, as testified to by the witnesses referred to, appears to me to be much the more probable under all the circumstances of the case. It is evident that plaintiff was not employed to do strictly professional work, as that term is commonly understood, nor for his acumen as a lawyer or his skill as an advocate, although he may have possessed both of these qualifications in a high degree. On that subject the record is silent. The legal end of the work, meaning thereby the preparation for trial and

the trial itself, if the case ever came to trial, were amply provided for by other counsel. Plaintiff's activities were confined, and concededly were intended from the beginning to be confined, to conducting extrajudicial negotiations between defendant and the city looking to an adjustment of differences out of court, or, as he himself testified, he was engaged "to pour oil upon troubled waters." It is, as it seems to me, most natural and most probable that plaintiff's compensation for this kind of service, apart from his initial retainer, should have been made contingent upon the success of his efforts.

The respondent lays great stress upon certain letters written by plaintiff to Mr. Sterling, of counsel for defendant, asking for payments on account, and the fact that Mr. Sterling did not answer them by reasserting the terms of plaintiff's employment as he understood them. To my mind this circumstance is of slight importance. No man is to be bound by his refusal to speak, unless some duty to speak rests upon him, and Mr. Sterling was certainly not bound to reiterate the terms of an agreement perfectly known to both parties. It is sufficient that he refused to admit plaintiff's claim for payment while his work remained undone.

For these reasons I am of opinion that the judgment and order appealed from should be reversed.